Filed 8/5/14  P. v. Ento CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B249450 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA057919) |
| v. | |
| MARK D. ENTO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Affirmed.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, James William Bilderback II, Steven E. Mercer, and Alene M. Games, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Mark D. Ento challenges his jury conviction of aggravated mayhem. He argues there was insufficient evidence the victim, Jessica Carranza, was permanently disfigured. We disagree and affirm the judgment.

**FACTUAL AND PROCEDURAL SUMMARY**

On November 7, 2012, appellant accused Carranza, with whom he had two children, of infidelity. During the ensuing argument, he hit, kicked, and choked her, and he burned her with a hot iron. Carranza sustained burns to her left forearm and shoulder, and to her right wrist. She was treated at a hospital, given pain medication, and released within hours. She wore a bandage on her wrist for several days and had to change the bandages on her left arm and shoulder every day for two weeks. She was advised to see a specialist but did not do so. Photographs of the burns before the treatment and on the day after the attack were introduced at appellant's trial in May 2013. Carranza showed the jury her scars and testified they had not changed in appearance "for a couple of months."

Appellant was convicted of aggravated mayhem (Pen. Code, § 205, count 1),[1] corporal injury to child's parent (§ 273.5, subd. (a), count 2), and torture (§ 206, count 3), as charged. As to counts 1 and 3, the jury found true allegations that appellant used a dangerous or deadly weapon, an iron. (§ 12022, subd. (b)(1).)[2] As to count 2, it found an alleged prior conviction under section 273.5 to be true. Appellant was sentenced to life in prison on count 1, and to consecutive terms of one year on the weapon enhancement for that count and four years on count 2. The sentence on count 3 and the enhancement for that count were stayed.

This appeal followed.

---

[1] Subsequent references are to the Penal Code, unless otherwise indicated.

[2] Appellant was acquitted on count 4, dissuading a witness (§ 136.1, subd. (b)(1)), and the weapon enhancements on counts 2 and 4 were dismissed.

**DISCUSSION**

Appellant argues that aggravated mayhem requires injury of "a *very* serious and permanent nature," and that the evidence is insufficient to support such an injury. "'In reviewing a challenge to the sufficiency of the evidence, we do not determine the facts ourselves. Rather, we "examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—evidence that is reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." [Citation.]'" (*People v. Nelson* (2011) 51 Cal.4th 198, 210.)

Section 205 provides in relevant part: "A person is guilty of aggravated mayhem when he or she unlawfully, under circumstances manifesting extreme indifference to the physical or psychological well-being of another person, intentionally causes permanent disability or disfigurement of another human being or deprives a human being of a limb, organ, or member of his or her body." The disfigurement required for mayhem, whether aggravated (§ 205) or simple (§ 203),[3] must be permanent. (*People v. Newby* (2008) 167 Cal.App.4th 1341, 1347.) The difference between the two kinds of mayhem is not in the type of disfigurement but in the intent with which it is inflicted, as aggravated mayhem requires a specific intent to cause the injury. (*Ibid.*)

Appellant downplays the severity of Carranza's injuries, suggesting they could not have been serious since she was released from the hospital within hours. The argument that section 205 requires a disfigurement resulting from "a *very* serious" injury is based on a misreading of *People v. Santana* (2013) 56 Cal.4th 999. There, the court rejected the engrafting of a "serious bodily injury" requirement onto the definition of simple mayhem in section 203. (*Id.* at p. 1010.) While the court recognized the existence of a

---

[3] Section 203 provides: "Every person who unlawfully and maliciously deprives a human being of a member of his body, or disables, disfigures, or renders it useless, or cuts or disables the tongue, or puts out an eye, or slits the nose, ear, or lip, is guilty of mayhem."

common law requirement of permanent disfigurement under that section, it did not address how permanency may be established. (See *ibid*.)

Appellant suggests the permanent nature of a disfigurement may be established only through "medical or other expert witness testimony." But expert testimony is not required on matters within the jury's common experience, and it is not essential to establish the permanence of scars. (See Evid. Code, § 801, subd. (a); *People v. McDowell* (2012) 54 Cal.4th 395, 425–426; *Sherman v. Frank* (1944) 63 Cal.App.2d 278, 285.) Along the same lines, appellant argues Carranza's testimony that her scars had remained unchanged for a couple of months was insufficient to establish that they would not improve in the future. "A finding of fact must be an inference drawn from evidence rather than . . . a mere speculation as to probabilities without evidence.'" [Citations.]' [Citation.]" (*People v. Sifuentes* (2011) 195 Cal.App.4th 1410, 1416–1417.) The jury could reasonably infer that Carranza's scars would not improve any further. Such an inference is not speculative, based as it is on the visibility of the scars six months later and on her testimony that their appearance had not changed in months.

Courts consistently have concluded that scars visible months after the injury may be considered permanent. (See *People v. Hill* (1994) 23 Cal.App.4th 1566, 1572 [possible cosmetic alleviation does not preclude finding of permanent disfigurement]; *People v. Keenan* (1991) 227 Cal.App.3d 26, 36, fn. 6 [cigarette burn scars remaining on victim's breasts after three and one-half months "assume[d]" to be permanent]; *Goodman v. Superior Court* (1978) 84 Cal.App.3d 621, 623, 625 [scar observed on victim's face at trial "probably permanent"].) Appellant quarrels with the formulation of the appellate court's conclusion in *People v. Keenan*, arguing that, in effect, it created a "presumption of permanence" that reduced the prosecution's burden of proof. The argument is inapposite because, here, the jury was properly instructed as to the prosecution's burden to prove beyond a reasonable doubt each element of the charged offenses. Thus, appellant cannot show that his conviction was based on a mandatory presumption rather than on a permissible inference. (See *People v. Yeoman* (2003) 31 Cal.4th 93, 131.)

4

To the extent appellant claims a violation of his due process rights, that claim fails for the same reasons. (*People v. Boyer* (2006) 38 Cal.4th 412, 441, fn. 17.)

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EPSTEIN, P. J.

We concur:


WILLHITE, J.


EDMON, J.*

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.